UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAYA HAYUK,<br><br>                Plaintiff,<br><br>  v.<br><br>URBAN OUTFITTERS, INC.,<br><br>                Defendant. | Civil Action No. 09-cv-11281<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

### Parties

1. Plaintiff Maya Hayuk ("Ms. Hayuk"), a professional visual artist who regularly creates, sells, and licenses original works of art, has a principal place of business at 720 Lorimer Street #3R, Brooklyn, New York.

2. On information and belief, Defendant Urban Outfitters, Inc. ("Urban") is a corporation having a principal place of business at 5000 South Broad Street, Philadelphia, Pennsylvania. On information and belief, Urban operates more than 140 retail stores worldwide, including four within the Commonwealth of Massachusetts.

### Nature of the Complaint

3. This is an action for copyright infringement. Urban willfully and knowingly violated the copyright laws, 17 U.S.C. § 101 *et seq.*, by displaying and selling T-shirts based upon Ms. Hayuk's original artwork without her consent. Ms. Hayuk seeks damages and appropriate injunctive relief.

### Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Urban has displayed, offered for sale, and sold its infringing T-shirts through its retail stores within the Commonwealth of Massachusetts and on web sites available for access within the Commonwealth.

6. Venue is appropriate in this Court under 28 U.S.C. § 1400(a).

### Facts

7. Ms. Hayuk is a renowned visual artist. Over almost two decades, her fine art career has included more than 75 group and solo gallery shows, installations, and murals throughout the United States and in numerous foreign countries. Her graphic work has published in dozens of books, magazines and been featured on many websites. Ms. Hayuk often licenses her artwork for use on, among other things, apparel, consumer electronics, and sporting goods. She commands premium fees and royalties for the use of her work in commercial settings.

8. In or about November 2007, Ms. Hayuk created an original and distinctive work of art entitled *Pilgrim*. She displayed photographs of *Pilgrim* on her website, located at http://www.mayahayuk.com, on or about December 3, 2007. *Pilgrim* has been installed at the Rental Gallery in New York City and has been featured in numerous print and online publications. A copy of the *Pilgrim* mural is annexed hereto as Exhibit A.

9. On or about July 20, 2009, Ms. Hayuk caused her copyright in *Pilgrim* to be registered in the United States Copyright Office, such registration being assigned Registration No. VAu000991725. A copy of the Copyright Office catalog record of the *Pilgrim* registration is annexed hereto as Exhibit B.

10. During 2007 Ms. Hayuk created other works of art in the same series as

*Pilgrim* with common visual hallmarks, including but not limited to *I'll Follow You, The First Time I Saw Your Face (Celebrate Albert Hoffmann's Bicycle Day),* and *Everything's Totally Going To Happen*. The foregoing works ("the *Just Good Vibes* works") were reproduced in, among other places, a hardbound book entitled *Just Good Vibes*, which was published by Upper Playground in or about September 2007. A copy of *I'll Follow You* is annexed hereto as Exhibit C. A copy of *The First Time I Saw Your Face (Celebrate Albert Hoffmann's Bicycle Day)* is annexed hereto as Exhibit D. A copy of *Everything's Totally Going To Happen* is annexed hereto as Exhibit E.

11. On or about February 19, 2008, Ms. Hayuk caused her copyrights in the *Just Good Vibes* works to be registered in the United States Copyright Office, such registration being assigned Registration No. VA 1-641-582. A true and correct copy of the certificate of registration for the *Just Good Vibes* works is annexed hereto as Exhibit F.

12. On January 24, 2008, Urban approached Ms. Hayuk with an offer to license her work for apparel and housewares. Urban's representative Kevin Lyons emailed Ms. Hayuk a solicitation to participate in an "Artist Series" and license her work to Urban. A true and correct copy of Mr. Lyons' email is annexed hereto as Exhibit G.

13. According to the terms of the solicitation outlined in Mr. Lyons' email, Urban would generate, mass-produce, and market "graphic product" incorporating Ms. Hayuk's work. Mr. Lyons attached to his email sample images of Ms. Hayuk's work "that in particular led me to you." Mr. Lyons assured Ms. Hayuk, "we all have the upmost respect for you as an artist. Rest assured we will look to protect your art and see that you yourself are taken care of." Among the graphic products envisioned in Urban's

proposal were vee-neck T-shirts.

14. Ms. Hayuk respectfully declined the offer in writing by email that same day. A true and correct copy of Ms. Hayuk's email is annexed hereto as Exhibit H. Among the reasons Ms. Hayuk articulated for not participating in the "Artist Series," she stated,

> one of my concerns lately has been not over-saturating the commercial market and focusing on my fine art. i'm afraid (and i might be wrong about this) that eventually with all of the "exposure" i get, i'll burn out to the public who i rely on to support me with things like rent and food. i've been working really long and hard and this is it … i really don't have anything else to fall back on.

15. Mr. Lyons responded to Ms. Hayuk's concerns sympathetically in an email later on January 24, 2008. "I hear you on the exposure … I respect your decision and reality as well," he told Ms. Hayuk. He further stated, "speaking again persoanlly [sic] this whole artist series thing is a dime a dozen now and while it gives up and coming artists exposure and a way to make some spare change it is in effect shortening careers and classifying work in a strange way." A true and correct copy of his email is annexed hereto as Exhibit I.

16. Nevertheless, Urban proceeded to use Ms. Hayuk's work without her consent. On its website (www.urbanoutfitters.com) and in its retail stores, Urban offered for sale and sold a shirt titled "Panic Rainbow Deep Vee Tee" (the "Panic Rainbow T-shirt").

17. The design displayed on the Panic Rainbow T-shirt is nearly an exact copy of *Pilgrim* and bears substantial similarity to the *Just Good Vibes* works. Upon information and belief, Urban had access to *Pilgrim* and the *Just Good Vibes* works prior to the manufacture and sale of the infringing shirt.

4

18. To this date, Urban continues to display, sell and offer for sale infringing copies of the Panic Rainbow T-shirt through its stores.

19. Urban violated Ms. Hayuk's copyrights by preparing and producing the Panic Rainbow T-shirts as derivative work that recast Ms. Hayuk's works of art; its display of the derivative work; and its distribution of the derivative work through retail and online sales.

20. Urban knew that its use of Ms. Hayuk's artwork was not permitted because she refused to license her works of art to Urban. Urban's violation of her copyrights in those works is therefore knowing, willful, and intentional.

21. Ms. Hayuk has suffered and continues to suffer damages and irreparable injury as a result of Urban's ongoing violation of her copyrights.

### Count I

### Copyright Infringement of *Pilgrim*

22. Ms. Hayuk repeats and realleges paragraphs 1 through 21 of this Complaint, inclusive, as if the same were fully set forth herein.

23. Ms. Hayuk's artwork entitled *Pilgrim* is wholly copyrightable under the laws of the United States, and Ms. Hayuk, the creator and sole owner of *Pilgrim*, holds all copyright interests therein.

24. Ms. Hayuk is the sole owner of all right, title and interest in the copyright to *Pilgrim*, which has been registered in the United States Copyright Office and assigned Registration No. VAu000991725.

25. Urban has displayed, offered for sale, and sold Panic Rainbow T-shirts that are substantially similar to *Pilgrim* without Ms. Hayuk's authorization. Such

unauthorized use constitutes an infringement of Ms. Hayuk's copyright for which she is entitled to damages and injunctive relief.

### Count II

### Copyright Infringement of *I'll Follow You*

26. Ms. Hayuk repeats and realleges paragraphs 1 through 21 of this Complaint, inclusive, as if the same were fully set forth herein.

27. Ms. Hayuk artwork entitled *I'll Follow You* is wholly copyrightable under the laws of the United States, and Ms. Hayuk, the creator and sole owner of *I'll Follow You*, holds all copyright interests therein.

28. Ms. Hayuk is the sole owner of all right, title and interest in the copyright to *I'll Follow You*, which has been registered in the United States Copyright Office as part of Registration No. VA 1-641-582.

29. Urban has displayed, offered for sale, and sold Panic Rainbow T-shirts that are substantially similar to *I'll Follow You* without Ms. Hayuk's authorization. Such unauthorized use constitutes an infringement of Ms. Hayuk's copyright for which she is entitled to damages and injunctive relief.

### Count III

### Copyright Infringement of *The First Time I Saw Your Face (Celebrate Albert Hoffmann's Bicycle Day)*

30. Ms. Hayuk repeats and realleges paragraphs 1 through 21 of this Complaint, inclusive, as if the same were fully set forth herein.

31. Ms. Hayuk's artwork entitled *The First Time I Saw Your Face (Celebrate Albert Hoffmann's Bicycle Day)* is wholly copyrightable under the laws of the United States, and Ms. Hayuk, the creator and sole owner of *The First Time I Saw Your Face*

6

*(Celebrate Albert Hoffmann's Bicycle Day)*, holds all copyright interests therein.

32. Ms. Hayuk is the sole owner of all right, title and interest in the copyright to *The First Time I Saw Your Face (Celebrate Albert Hoffmann's Bicycle Day)*, which has been registered in the United States Copyright Office as part of Registration No. VA 1-641-582.

33. Urban has displayed, offered for sale, and sold Panic Rainbow T-shirts that are substantially similar to *The First Time I Saw Your Face (Celebrate Albert Hoffmann's Bicycle Day)* without Ms. Hayuk's authorization. Such unauthorized use constitutes an infringement of Ms. Hayuk's copyright for which she is entitled to damages and injunctive relief.

## Count IV

### Copyright Infringement of *Everything's Totally Going To Happen*

34. Ms. Hayuk repeats and realleges paragraphs 1 through 21 of this Complaint, inclusive, as if the same were fully set forth herein.

35. Ms. Hayuk artwork entitled *Everything's Totally Going To Happen* is wholly copyrightable under the laws of the United States, and Ms. Hayuk, the creator and sole owner of *Everything's Totally Going To Happen*, holds all copyright interests therein.

36. Ms. Hayuk is the sole owner of all right, title and interest in the copyright to *Everything's Totally Going To Happen*, which has been registered with the United States Copyright Office as part of Registration No. VA 1-641-582.

37. Urban has displayed, offered for sale, and sold Panic Rainbow T-shirts that are substantially similar to *Everything's Totally Going To Happen* without Ms.

7

Hayuk's authorization. Such unauthorized use constitutes an infringement of Ms. Hayuk's copyright for which she is entitled to damages and injunctive relief.

### **Prayers for Relief**

WHEREFORE, Ms. Hayuk prays that this Honorable Court:

1. Issue a preliminary order enjoining Urban from all further reproduction, manufacture, importation, sale, advertising and distribution of the Panic Rainbow T-shirts during the pendency of this litigation;

2. Issue an order that Urban be required to deliver up for impoundment all infringing copies of Plaintiff's art works, in all forms whatsoever, which are in Urban's possession or under its control.

3. Issue an order permanently enjoining Urban, and all those acting in concert with Urban or who have obtained copies of Urban's infringing Panic Rainbow T-shirts, from all further reproduction, manufacture, importation, sale, advertising and distribution of such T-shirts;

4. Issue an order that Urban must provide Ms. Hayuk a full accounting of all reproduction, manufacture, importation, sale, advertising and/or distribution of the Panic Rainbow T-shirts and any other infringing product, including (i) a full accounting of all sales of the T-shirt; (ii) identification of all affiliated parties who have distributed and/or sold the Panic Rainbow T-shirts; and (iii) all manufacturing, importation, and warehousing records;

5. Award Ms. Hayuk all of her direct and consequential damages arising from Urban's infringement of Ms. Hayuk's copyrights;

6. Award Ms. Hayuk all profits earned by Urban from the infringement of Ms.

Hayuk's copyrights in accordance with § 504(b) of the Copyright Act;

7. That Urban be required to pay to Ms. Hayuk such statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, per infringed work, or if the Court finds that the infringement was committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00 per infringed work.

8. Award Ms. Hayuk her reasonable attorneys' fees, costs of suit and interest; and

9. Award Ms. Hayuk such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

Maya Hayuk

By her attorneys,

Dated: July 30, 2009

Aaron Silverstein, Esq.
(BBO #660716)
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
F: 978-463-9109
E: asilverstein@massiplaw.com