**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MAYA HAYUK,

        Plaintiff,

    v.

URBAN OUTFITTERS, INC. and
NEW NAME, INC.,

        Defendants.

CIVIL ACTION NO. 09-CV-11281 RGS

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION AND/OR VENUE**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

I.     RELEVANT FACTS ......................................................................................2

     A.     Plaintiff Has No Connection to Massachusetts -- Other Than That
           Her  Counsel Is Located Here. ...................................................................2

     B.     Urban Outfitters Has Only Limited Contacts with Massachusetts. ............3

     C.     New Name Has No Purposeful Contacts With Massachusetts. ...................4

     D.     The Alleged Conduct Underlying Plaintiff's Claim Occurred
           Outside  of Massachusetts. .........................................................................4

II.     ARGUMENT ..................................................................................................5

     A.     This Court Lacks Jurisdiction Over Both Defendants. ...............................5

           1.     The Inquiries Unique To Specific Jurisdiction Are Not
                 Satisfied Here. .................................................................................7

           2.     Relatedness:  There Is An Insufficient Causal Nexus. ...................10

           3.     The Continuous And Systematic Inquiry For General
                 Jurisdiction Is Not Satisfied Here. ................................................11

     B.     Reasonableness, Required For Both Specific and General
           Jurisdiction, Is Lacking Under Each Of The *Gestalt* Factors. .................13

     C.     Venue Does Not Lie in this District. .........................................................17

     D.     New Name Is An Indispensible Party. .......................................................17

III.     CONCLUSION .............................................................................................19

**INTRODUCTION**

This lawsuit is based on unsubstantiated innuendo involving an accused t-shirt that allegedly resembles Plaintiff Maya Hayuk's ("Plaintiff") wall mural only in that it contains one element in common with Plaintiff's works -- multi-colored lines.  That t-shirt was designed by Defendant New Name, Inc. ("New Name"),  in California, and sold to Defendant Urban Outfitters, Inc. ("Urban Outfitters"), based in Pennsylvania (collectively, the "Defendants"), for sale at its national chain of stores.

Plaintiff selected Massachusetts as the forum for her stretched copyright infringement lawsuit against Defendants even though Massachusetts is *not*:  (1) the home forum of Plaintiff, who resides in Brooklyn, New York, (2) the situs of the alleged injury to Plaintiff's copyrights, (3) a state in which New Name has *any* contacts, or (4) a location where Urban Outfitters has any particularly strong connection other than its operation of four retail stores.  Plaintiff's purpose in bringing suit in Massachusetts, whatever the reason may be, is certainly not for her own convenience (since she lives in New York) or for the reasonableness of haling multiple foreign defendants to this jurisdiction.  Plaintiff's intent in instituting litigation in Massachusetts is perplexing.  It can only be assumed that Plaintiff chose to file suit here as a means of  harassing or, at a minimum, inconveniencing Defendants.

The law instills a protection against this very situation:  the personal jurisdiction requirement.  When considering the facts here, there can be no doubt that neither New Name nor Urban Outfitters purposefully availed themselves to this forum as to the specific conduct at issue.  Personal jurisdiction, therefore, is absent.  Nor is there support for general jurisdiction over either defendant.  Were there any doubt, both specific and

general jurisdictions' requirement that the exercise of jurisdiction be "reasonable," coupled with the factors considered in deciding what is reasonable, demonstrate that the exercise of jurisdiction in this case would be patently unreasonable.

Even in the unlikely event that the Court determines that dismissal is warranted only as to New Name, the entire complaint must be dismissed.  Because New Name is the designer and manufacturer of the accused shirt, it is an indispensable party to this litigation.  As a result, Rule 19 of the Federal Rules of Civil Procedure operates to require dismissal of *all* parties even if New Name is the only party over whom jurisdiction is lacking.  For these reasons, this case should be dismissed without subjecting Defendants to the further undue burden of litigating in a forum that neither they nor Plaintiff has any connection.

## I.     RELEVANT FACTS

### A.     Plaintiff Has No Connection to Massachusetts -- Other Than That Her Counsel Is Located Here.

Plaintiff is a visual artist who has a principal place of business, according to the Amended Complaint, in Brooklyn, New York.  *See* Docket No. 7 (Amended Compl., ¶1). Plaintiff, as alleged, exchanged an e-mail with one of Urban Outfitters' 12,500 employees back in January 2008.  *Id.*, ¶¶ 14-17 & Exhs. G, H; *see also* Defendants' Exh. ("Defs.' Exh.") 1 at 9.  Sometime thereafter, Urban Outfitters sold a t-shirt featuring a multi-colored line design.  *See* Docket No. 7 (Amended Compl., ¶ 18).  That shirt's design, however, was created independently by a vendor, New Name, without any input by or involvement from Urban Outfitters.  Declaration of Cedric Keyser ("Keyser Decl."), ¶7  Apparently insisting on a monopoly over any artwork or designs featuring a multi-colored line pattern, Plaintiff hired a Massachusetts-based attorney to file this

lawsuit.  *See* Docket No. 7.  She did not, however, file in New York, her state of residence and the location of her business.  Nor did she file in Pennsylvania, where Urban Outfitters is based (as acknowledged in Plaintiff's Original Complaint).  Nor did she file in California, where New Name is located.  Instead, Plaintiff filed this lawsuit in Massachusetts, a location with no connection to the facts pled in the Complaint.

### B.    Urban Outfitters Has Only Limited Contacts with Massachusetts.

Urban Outfitters is a publicly-traded corporation.  *See* Defs.' Exh. 1.[1]  It has hundreds of retail stores under the name "Urban Outfitters" in 36 states, as well as in Canada, England and Ireland.  Defs.' Exh. 1, at 17.  Of those hundreds of U.S.-based stores, only four are located in Massachusetts.  *Id.*  Urban Outfitters' total sales for fiscal year 2009 (ending January 31, 2009) were nearly $2 billion.  *Id.*, at 53.

Urban Outfitters did not design or manufacture the t-shirts at issue.  Declaration of John Kyees ("Kyees Decl."), ¶5.  To the contrary, it simply happened to stock the t-shirts on its shelves along with the hundreds of thousands of other items found in its inventory.  *Id.*, ¶6.  Urban Outfitters makes distribution decisions at a national level.  *Id.*, ¶7.  Outside of selling the t-shirts on a national level, Massachusetts, therefore, was not specifically targeted as locating to sell the allegedly infringing t-shirt.  *Id.*

Simply put, Urban Outfitters is an international retailer who happened to stock a t-shirt from a vendor that is now accused of infringing Plaintiff's one-time painting (a design that is apparently gracing the interior corner of a single wall of a rental gallery in a high rise in New York City).  *See* Docket No. 1 (Amended Compl., ¶10 & Exh. A).

---

[1] Defs.' Exh. 1 is attached to the Declaration of John Keys filed herewith.

**C.    New Name Has No Purposeful Contacts With Massachusetts.**

New Name is based in Los Angeles, California.  New Name does not have any offices in Massachusetts.  Keyser Decl., ¶3.  New Name does not have any employees in Massachusetts. *Id*., ¶4.  New Name is not licensed to do business in Massachusetts.  *Id*., ¶5.  New Name does not have a registered agent in Massachusetts.  *Id*., ¶6.  New Name does not have any distribution networks or marketing that targets Massachusetts.  *Id*., ¶7.  New Name has not shipped any goods directly into Massachusetts.  *Id*., ¶8.  In sum, New Name has no purposeful contacts in Massachusetts.

Defending a suit in Massachusetts would be particularly onerous to New Name.  New Name is a small, family-run business in southern California.  Being forced to participate in litigation in Massachusetts -- on the opposite side of the country from where the t-shirt at issue was designed and from where New Names' documents and witnesses are located -- would impose an undue burden and inconvenience on the company.

**D.    The Alleged Conduct Underlying Plaintiff's Claim Occurred Outside of Massachusetts.**

The conduct underlying Plaintiff's claim is the sale of t-shirts that allegedly infringe Plaintiff's purported copyrights somewhere in the United States.  *See* Docket No. 1 (Amended Compl., ¶22).  New Name is alleged to have manufactured the shirts and contracted with Urban  Outfitters to "supply those T-shirts to Urban [Outfitters'] stores in Massachusetts, causing tortious injury in Massachusetts."  *Id*., ¶ 6.  Urban Outfitters is alleged to have displayed, offered for sale, and sold these t-shirts in its retail stores in Massachusetts.  *Id*., ¶ 7.  The evidence in this case is in California, where the vendor New

4

Name – the only party responsible for the allegedly infringing t-shirt's design – is based and operates.  Keyser Decl., ¶2.  It is New Name *in* California that came up with the design, without any input or coordination from Urban Outfitters.  *Id.*, ¶9.  It is in California that the samples, the processing, the manufacturing and the shipping from the manufacturing plant took place.  *Id.*, ¶10.

The only other potential (secondary) place where witnesses and evidence would be located is in Pennsylvania, where Urban Outfitters is headquartered.  Kyees Decl, ¶3.  Pennsylvania is where Urban Outfitters decides which products, including t-shirts, from numerous vendors that supply the company will be carried by Urban Outfitters' stores.  *Id.*  The selected merchandise is then processed in Pennsylvania and sent to retail stores for sale.  *Id.*, ¶4.

It is clear that Massachusetts played no role in this story.  Nonetheless, it is the location that will haul a plaintiff from New York, a defendant from Pennsylvania, and a defendant from California for case management conferences, discovery motions, evidentiary hearings, pre-trial proceedings and trial, at which point a jury of Massachusetts residents will have to decide a case involving no real interests of their fellow residents.

## II.  ARGUMENT

### A.  This Court Lacks Jurisdiction Over Both Defendants.

On a Rule 12(b)(3) motion to dismiss for lack of personal jurisdiction, the plaintiff, Ms. Hayuk, bears the burden to prove the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution.  *Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 24 (1st Cir. 2007).  Indeed, Plaintiff further "bear[s] the burden of persuading the Court that jurisdiction exists."

*Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006).  She may not rely on unsupported allegations in her complaint, but is obliged to adduce evidence of specific facts.  *Id.*  The Court, in turn, must "take those specific facts affirmatively alleged by the plaintiff[] as true and construe them in the light most congenial to the plaintiff['s] jurisdictional claim.  [The Court must] also add to the mix facts put forward by the defendants, to the extent that they are uncontradicted."  *Id*.

    In order to establish personal jurisdiction, Plaintiff must show that jurisdiction is both statutorily authorized and consistent with the Constitution.  The Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as coextensive with the outer limits of the Constitution; thus, the only inquiry that remains is the constitutional one.  Specifically, the question here is whether the Due Process Clause of the Fourteenth Amendment allows Massachusetts to exercise personal jurisdiction over Defendants.  *Id.* at 135.  For the answer to this question to be yes, Defendants "must have sufficient minimum contacts with the forum state 'such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940) (certain internal quotations omitted)).

    The "minimum contacts" standard has three requirements.  First, for specific jurisdiction, Plaintiff's claim must be related to Defendant's contacts.  *Id.*  For general jurisdiction, in which the cause of action may be unrelated to Defendant's contacts, Defendant must have continuous and systematic contacts with the Commonwealth.  *Id.*  Second, for either type of jurisdiction, Defendant's contacts with the Commonwealth must be purposeful.  *Id.*  And third, the exercise of jurisdiction must be reasonable under

the circumstances.  *Id.*   As discussed below, this Court lacks jurisdiction over Defendants.

### 1.    The Inquiries Unique To Specific Jurisdiction Are Not Satisfied Here.

For specific jurisdiction, the First Circuit "divides the constitutional analysis into three inquiries:  relatedness, purposeful availment, and reasonableness."  *Platten*, 437 F.3d at 135.  "Critically, an affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction."  *Negron-Torres*, 478 F.3d at 24-25. As to the first prong, in contrast to contract-based claims, for "tort claims, plaintiffs must show a sufficient 'causal nexus' between [defendants'] contacts with Massachusetts and plaintiff's cause of action."  *Id.* (quotation and alterations omitted).  Only certain contacts are considered for specific jurisdiction.  "Contacts with a forum state are relevant for purposes of specific jurisdiction only if they are sufficiently related to the cause of action…. Thus, if Plaintiff's claims would have arisen notwithstanding certain contact, those contacts are not relevant to the jurisdiction analysis" for the specific jurisdiction test. *MGM Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003).

Here, the conduct underlying Plaintiff's claim is the sale of t-shirts that allegedly infringe Plaintiff's purported copyrights somewhere in the United States.  *See* Docket No. 1 (Amended Compl., ¶22).  Plaintiff alleged that New Name manufactured the t-shirts at issue and contracted with Urban Outfitters to "supply those T-shirts to Urban stores in Massachusetts, causing tortuous injury in Massachusetts." *Id.,* ¶6.  Urban is alleged to have displayed, offer for sale, and sold these T-shirts in its retail stores in Massachusetts. *Id.,* ¶7.

### a.   Urban Outfitters did not purposefully avail itself of the Massachusetts forum.

Only contacts related to Plaintiff's claim are considered for determining purposeful availment. *MGM Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003).  Here, Massachusetts happens to be one of the many locations of Urban Outfitters' stores.   All decisions to distribute were made at the national level in Pennsylvania, and Massachusetts was not specifically targeted.  Kyees Decl., ¶7.  The distribution decision was thus the only purposeful act that ultimately resulted in the allegedly infringing t-shirts being sold in all Urban Outfitters' stores nationwide, including the four stores located in Massachusetts.  Thus, the conduct for which specific jurisdiction must rest (the decision regarding where to sell the allegedly infringing t-shirts) was not made to purposefully avail the benefit of a Massachusetts forum.  To hold otherwise, would allow any national retailer to be harassed in any forum in the country for each product it distributed nationally – even if (as here) the Plaintiff is located in an entirely different forum then the chosen forum.   Personal jurisdiction is a concept intended to curtail forum shopping, not enable it.

### b.   New Name did not purposefully avail itself of the Massachusetts forum.

The two indispensable hallmarks of purposeful availment are voluntariness and foreseeability.  *Christian v. Barricade Books, Inc.*, 2003 WL 21146168, *4 (D. N.H. May 15, 2003) (*citing Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 207 (1st Cir. 1994)).  Under these two hallmarks, there is no basis for finding that New Name purposefully availed itself to being hauled into a Court in Massachusetts.

The law is clear.  Others who have attempted to do what Plaintiff attempts here have had their case dismissed.  In *Tice v. Taiwan*, 608 F. Supp. 2d 119 (D. Me. 2009), the court considered whether a manufacturer who sold the allegedly tortuous products at issue to a chain store that distributed them nationwide, including to the particular forum, and concluded that such conduct was insufficient to constitute purposeful availment.  In so determining, the court stated:

> The Court next considers whether TSYE's contacts represent a purposeful availment of the privilege of conducting business in Maine, thereby invoking the benefits and protections of Maine's laws and making the defendant's involuntary presence before Maine's courts foreseeable.  The record is quite simply devoid of evidence that supports a finding that TSYE engaged in voluntary and foreseeable contact with the State of Maine.  At best, there is some evidence that supports finding that TSYE has purposefully availed itself of doing business in the United States generally.  However, such a finding does not satisfy the purposeful availment prong.  *See Amburgey v. Atomic Ski USA, Inc.*, 2007 WL 1464380 at *7 (D. Me. May 17, 2007) (explaining that purposeful availment cannot be satisfied by contacts with the United States generally).  The Court similarly finds no support for concluding that TSY Services, LLC has purposefully availed itself of the privileges of doing business in Maine.

*Id.* at 124-25; *see also Christian v. Barricade Books, Inc.*, 2003 WL 21146168 at *4 (sale to national chain does not constitute voluntarily entering into forum that chain sells in, nor does it make being hailed to that forum foreseeable; thus sale to national bookstore fails both of the hallmarks of voluntariness and foreseeability required for purposeful availment).

Likewise, here, the fact that New Name sold the allegedly infringing t-shirts to a retailer who distributed them nationally shows only purposeful availment of doing business in the United States generally, not in Massachusetts.  New Name did nothing other than to sell its t-shirts to a customer who then resold them in Massachusetts, as well

as in 37 other states. Urban Outfitters' "unilateral activity" of distributing New Name's product in Massachusetts cannot constitute purposeful availment as to New Name. *Ticketmaster*, 26 F.3d at 207-08 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *Tice*, 608 F. Supp. 2d at 124-25; *Christian*, 2003 WL 21146168, at *4. As a result, the specific jurisdiction inquiry ends here with respect to New Name. *Negron-Torres*, 478 F.3d at 24-25 ("an affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction").

### 2. Relatedness: There Is An Insufficient Causal Nexus.

The First Circuit has been clear as to the relatedness factor. To satisfy the relatedness prong of the constitutional inquiry in a tort case like copyright infringement, the evidence produced to support specific jurisdiction must show "that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." *Platten*, 437 F.3d at 137. "The relatedness requirement is not an open door; it is closely read, and it requires a showing of a material connection." *Id.* The First Circuit has steadfastly rejected the exercise of personal jurisdiction where, as here, "the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." *Id.* Rather, Defendant's in-state conduct "must form an important, or at least material, element of proof in the plaintiff's case. A broad 'but-for' argument is generally insufficient. Due process demands something like a 'proximate cause' nexus." *Id.* (quotations and alterations omitted). Mere "conclusory allegations" are insufficient to meet this requirement. *Negron-Torres*, 478 F.3d at 25.

Here, the fact that the infringement may have happened to encompass a handful of Urban Outfitters' stores in Massachusetts is purely attenuated and indirect. Neither of the Defendants have their principal place of business or their headquarters in Massachusetts.

Indeed, New Name has *no* contact with Massachusetts.  There is no particular connection to Massachusetts above and beyond any of the other 38 states in the United States where Urban Outfitters has stores and may have sold the allegedly infringing t-shirts.  The fact that some shirts may or may not have been sold in a Massachusetts store is not the "proximate cause" of Plaintiff's copyright claims.  Had no sales occurred in Massachusetts, the infringement claims would persist virtually unchanged.  No decisions were made in or toward Massachusetts that were somehow unique or specific to Massachusetts.  Instead, it was merely fortuitous if the alleged infringement happened to take place in Massachusetts, among the 38 states where Urban Outfitters retail stores are found.  Were it not to have taken place, there would be no concomitant loss of an "important, or at least material, element of proof in the plaintiff's case." *Platten*, 437 F.3d at 137.  Thus, the sales in Massachusetts do not even meet a "but for" nexus, let alone the higher 'proximate cause' nexus required for a sufficient causal nexus to this forum. *Platten*, 437 F.3d at 137.

Thus, relatedness to Massachusetts is lacking.  As a result, Plaintiff cannot satisfy this prong for specific jurisdiction.  As this prong is mandatory for specific jurisdiction, specific jurisdiction is lacking here regardless of the other two factors.  Accordingly, there is no specific jurisdiction as to either New Name or Urban Outfitters.

### 3.     The Continuous And Systematic Inquiry For General Jurisdiction Is Not Satisfied Here.

General jurisdiction is only found where a defendant has engaged in "continuous and systematic activity' in the forum, even if the activity is unrelated to the suit." *Platten*, 437 F.3d at 138-39.  The standard for evaluating whether defendants' alleged contacts satisfies the constitutional general jurisdiction test 'is considerably more

stringent' than that applied to specific jurisdiction questions." *Id.*, 437 F.3d at 138-39. "In determining what constitutes 'continuous and systematic' contacts, [the] analysis is a fact-specific evaluation of the defendant's contacts with the forum.  For guidance in this factual inquiry, we look to the types of contacts deemed sufficiently continuous and systematic in other cases." *U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 620 (1st Cir. 2001).

### a.      New Name has not had continuous or systematic contacts with Massachusetts.

New Name has *no* contacts with Massachusetts, much less the requisite "continuous and systematic" contacts.  Plaintiff's only available argument, that New Name somehow "continuously and systematically places [its products] into the stream of commerce by selling its products to chain stores, such as Wal-Mart, that maintain nationwide distribution networks," has specifically been rejected by the First Circuit as a "stream of commerce theory[.]"    *Tice*, 608 F. Supp. 2d at 124 (finding general jurisdiction lacking on indistinguishable facts) (*citing Alers-Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 84-85 (1st Cir. 1997); *Killion v. Commonwealth Yachts*, 421 F. Supp. 2d 246, 257 (D. Mass. 2006) (noting that the First Circuit "has rejected that theory"). There can be no general jurisdiction as to New Name.

### b.      Urban Outfitters' contacts are not so continuous and systematic as to allow any suit against it in Massachusetts.

Urban Outfitters has $2 billion in revenue every year based on sales throughout the world.  If it had continuous and systematic contacts sufficient to hale it into Massachusetts, then <u>any</u> suit regardless of its connection to Massachusetts, could be brought here.  Courts have refused to find so easily continuous and systematic contacts

based on the limited presence of stores in a national chain.  *Matosantos Commercial Co. v. Applebee's Intern., Inc.*, 2 F. Supp. 2d 191, 196-97 (D. P.R. 1998) (Applebee's); *Miele v. Blockbuster Inc.*, 2005 WL 176170, at **3-4 (N.D. Tex. Jan. 26, 2005) (Blockbuster, with dozens of locations in Texas); *cf. González v. Walgreens Co.*, 878 F.2d 560, 561-62 (1st Cir. 1989).

Urban Outfitters' small business presence in Massachusetts -- merely four out of hundreds of stores worldwide -- is insufficient to cause it to expect to be haled into court here, particularly where the Plaintiff is located, and relevant facts regarding the design and manufacture of the products at issue occurred, outside of the Commonwealth.  Defs' Exh. 1 at 9, 53.  Conceding as much in her Amended Complaint, Plaintiff alleges only that "[t]his Court has personal jurisdiction" based on whatever small portion of the allegedly infringing T-shirts were sold "within the Commonwealth of Massachusetts" (a happenstance basis already shown above to also be insufficient).   Docket No. 7 (Amended Compl., ¶¶6-7).  Thus, Urban Outfitters has not engaged in any continuous and systematic contacts with Massachusetts to make it fair or foreseeable that it would be hauled into court here.

> **B.     Reasonableness, Required For Both Specific and General Jurisdiction, Is Lacking Under Each Of The *Gestalt* Factors.**

Assuming Plaintiff could clear the above hurdles (which she cannot), the final indispensable requirement for jurisdiction, general or specific, is that its exercise be ***reasonable***.  *Platten*, 437 F.3d at 135.  The "*Gestalt*" factors considered and weighed in the First Circuit to ensure that the maintenance of a suit does not offend traditional notions of fair play and substantial justice include:

> (1)     the defendant's burden of appearing;

(2)     the forum state's interest in adjudicating the dispute;

(3)     the plaintiff's interest in obtaining convenient and effective relief;

(4)     the judicial system's interest in obtaining the most effective resolution of the controversy; and

(5)     the common interests of all sovereigns in promoting substantive social policies.

*Pritzker v. Yari*, 42 F.3d 53, 63-64 (1st Cir. 1994).   Even if the other prongs of the jurisdictional test are meet, these factors may nevertheless render the exercise of jurisdiction unreasonable.  *See, e.g. Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) (first *Gestalt* factors required dismissal, despite purposeful availment and relatedness arguably shown); *PFIP, LLC v. Planet Fitness Enterprises, Inc.*, 2004 WL 2538489 **8-9 (D.N.H. Nov. 19, 2004) (where copyright infringement claim, among other claims, met purposeful availment and relatedness inquiry, *Gestalt* factors showed jurisdiction was not reasonable; dismissing case); *Agramonte Gadea v. Citibank N.A.*, 964 F. Supp. 590, 596 (D.P.R. 1997) (unreasonable under *Gestalt* factor; case dismissed). Indeed, courts routinely dismiss complaints based on the analysis of the *Gestalt* factors. *Phillips v. Prairie Eye Center*, 530 F.3d 22, 29-30 (1st Cir. 2008).  *Hoyos-Aliff v. Fomento de Construcciones Y Contratas, S.A.*, 2006 WL 852065 **6-8 (D.P.R. Mar. 28, 2006).

### 1.     Defendants' Burden In Appearing.

"The burden associated with forcing a [distant state's] resident to appear in a Massachusetts court is onerous in terms of distance…  This burden, and its inevitable concomitant, great inconvenience, is entitled to substantial weight in calibrating the jurisdictional scales.  Indeed, the Court has stated that this element, alone among the

*Gestalt* factors, is 'always a primary concern'." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). It is firmly settled that "a 'plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Ticketmaster-New York,* 26 F.3d at 210.

Here, Plaintiff herself has no residence or particular connection with Massachusetts, other than that her counsel is located here. Both Defendants similarly have their headquarters and principal places of business outside of Massachusetts, with New Name being located on the other side of the country in California. Defending Plaintiff's allegations in Massachusetts will ultimately require haling both New Name's and Urban Outfitters' employees into this forum, disrupting their work schedules and company productivity. Bringing suit in Massachusetts is by no means "necessary to [plaintiff's] own right to pursue [her] remedy," a clear sign that the inconvenient forum has been chosen to "'vex,' 'harass,' or 'oppress' the defendant." *Ticketmaster*, 26 F.3d at 210.

Thus, this "primary concern" in Defendants' favor is "entitled to substantial weight," and strongly counsels, if not decisively dictates, against the reasonableness of jurisdiction here. *Id.* (unreasonable despite purposeful availment and relatedness being shown; as other reasonableness factors were not strong either way, this factor established jurisdiction was unreasonable over California resident by Massachusetts court).

### 2. Forum State's Interest in Adjudicating the Dispute.

Neither Plaintiff nor Defendants are citizens or residents of Massachusetts. The tortuous injury in an intellectual property claim of copyright infringement, if any,

occurred outside of Massachusetts, in Plaintiff's home state of New York – especially because the artwork in question is a one-time piece located in New York. *McGraw-Hill Companies, Inc. v. Ingenium Technologies Corp.*, 375 F. Supp. 2d 252, 256 (S.D.N.Y. 2005) (torts of copyright and trademark infringement cause injury in the state where the allegedly infringed intellectual property is held); *Design Tex Group, Inc. v. U.S. Vinyl Mfg. Corp.*, 2005 WL 357125 *1 (S.D.N.Y. Feb. 14, 2005) (in copyright infringement suit, injury is in plaintiff's state of residence "no matter where the infringement takes place"). Additionally, this suit is solely based on federal claims –  there are no compelling state interests in adjudicating federal claims. *Agramonte Gadea v. Citibank N.A.*, 964 F. Supp. 590, 596 (D. P.R. 1997).

### 3. Plaintiff and Judicial System's Interest in Providing Effective Relief  and Obtaining Effective Resolution.

The most effective relief and resolution of a controversy is had where more of the evidence and witnesses are likely to be located. *Christopher v. Mount Snow, Ltd.*, 1996 WL 590738 *8 (D. Mass. Sept. 24, 1996) (witnesses and evidence were not in present forum; *Gestalt* factors favored unreasonableness of jurisdiction). Moreover, the plaintiff's choice of forum is not entitled to weight when the plaintiff does not even reside in the forum. *Phillips* 530 F.3d at 29-30 (jurisdiction unreasonable).

Here, the evidence and witnesses -- including the Plaintiff herself -- are all located outside of Massachusetts. Because Plaintiff does not even reside in the Commonwealth, her choice of forum should be given no weight. The need to hale all parties into this forum for discovery and pre-trial proceedings, compounded by the need to hale <u>all</u> witnesses into Massachusetts (including cutting into New Name's small staff to travel across country to testify), makes this jurisdiction wholly unreasonable.

16

4.      **Pertinent Policy Arguments.**

This factor considers the common interests of all sovereigns in promoting substantive social policies.  The key policy considered under this factor is the "state's ability to provide its residents with a convenient forum to redress injuries caused by foreign actors."  *Agramonte Gadea*, 964 F. Supp. at 596.  As neither Plaintiff nor Defendants are residents of this forum, this factor counsels against jurisdiction.

Considering the *Gestalt* factors together, each one points against the reasonableness of exercising personal jurisdiction over Defendants.  Thus, jurisdiction is unreasonable under the totality of considerations and  does not comport with fair play and substantial justice.  Accordingly, as such is indispensable for the exercise of personal jurisdiction, this case must be dismissed as to both Defendants.

C.      **Venue Does Not Lie in this District.**

Defendants rely solely on 28 U.S.C. § 1400(a) for venue.  See Docket No. 7 (Amended Compl., ¶8).  Section 1400(a) states that in copyright actions, venue is only proper where defendant or its agent "reside."  28 U.S.C. § 1400(a).  Where personal jurisdiction is lacking over Defendants, as it is here, venue is inappropriate.  *Alforque v. Martin County, Texas*, 2008 WL 4748127 (S.D. Cal. Oct. 23, 2008).  Thus venue in this District is also improper.

D.      **New Name Is An Indispensible Party.**

Were the Court to determine that dismissal based on personal jurisdiction was only warranted as to New Name, and not to Urban Outfitters, it must nonetheless dismiss the entire suit under Rule 19 for failure to join an indispensable party.  Plaintiff voluntarily withdrew her Original Complaint in order to file an Amended Complaint for

the sole purpose of adding New Name as a defendant, conceding that New Name is an indispensable party.

Rule 19 clearly supports Plaintiff's concession.  Under Rule 19(a)(1), New Name is a necessary party.  Proceeding without New Name will impede New Name's ability to protect its interest.  It would be subjected to the practical consequences of the lawsuit (an adverse judgment would certainly bar others from selling the allegedly infringing shirt even though New Name never had a chance to defend in this Court) without having had the ability to directly contribute to its rightful determination.   FED. R. CIV. P. 19(a)(1)(b)(i).   No protective provisions could remedy New Name's product being affected by a lawsuit to which it was not a party.  FED. R. CIV. P. 19(b)(2).   Even assuming that were not the case, then the necessary corollary would be that the judgment had been ineffective in stopping the alleged infringement, because it could not bind the then non-party New Name.  FED. R. CIV. P. 19(b)(3).  Finally, if the action is dismissed, Plaintiff has an adequate remedy in another forum where jurisdiction against Defendants is proper.

In addition, the First Circuit has held that a manufacturer is an indispensable party in a suit brought against its distributor based on the manufacturer's products.  *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987, 992-93 (1st Cir. 1986) (manufacturer was indispensable party who could not be brought with distributor in forum, so case was properly dismissed).  There can be no question that New Name is a necessary party to this action.

Accordingly, New Name is not only necessary, but indispensable to this suit. Because both jurisdiction and venue are lacking over New Name, the Court must dismiss

the Complaint in its entirety as New Name is an indispensable party under FED. R. CIV.

P. 19(b).

## III.    CONCLUSION

For the foregoing reasons, the case should be dismissed as to both Defendants for

lack of personal jurisdiction.  Moreover, venue is improper.  Alternatively, if just New

Name is dismissed, New Name is an indispensable party over whom personal jurisdiction

and venue are lacking and, thus, the entire case must be dismissed.


Dated:  September 25, 2009                    Respectfully submitted,

                                             URBAN OUTFITTERS, INC.
                                             and NEW NAME, INC.,

                                             By their attorneys,

                                             /s/ Geri L. Haight_____
                                             Geri L. Haight, BBO #638185
                                             MINTZ LEVIN COHN FERRIS
                                               GLOVSKY AND POPEO, P.C.
                                             One Financial Center
                                             Boston, MA  02111
                                             Tel.:  (617) 542-6000
                                             Fax:  (617) 542-2241
                                             Email:  ghaight@mintz.com


OF COUNSEL:

Andrew Skale
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Ste. 300
San Diego, CA 92130
Tel.:  (858) 314-1500
Fax:  (858) 314-1501 Fax
Email:  askale@mintz.com

### Local Rule 7.1(A)(2) Certification

Defendants' counsel, Andrew Skale, conferred via telephone with counsel for Plaintiff, Aaron Silverstein, in a good faith attempt to resolve or narrow the issue presented in this Motion.  The parties were unable to resolve the issue presented for the Court's determination in this Motion.

/s/ Geri L. Haight_____
Geri L. Haight


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on September 25, 2009.

___/s/  Geri L. Haight_____
Geri L. Haight

4720869v.2

20