UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11281-RGS

MAYA HAYUK

v.

URBAN OUTFITTERS, INC., and
NEW NAME, INC.

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION

July 2, 2010

STEARNS, D.J.

Defendants Urban Outfitters, Inc., and New Name, Inc., move to dismiss plaintiff Maya Hayuk's Complaint of copyright infringement. Defendants contend that the court lacks personal jurisdiction over New Name (the manufacturer of the allegedly infringing T-shirts), and because New Name is "an indispensable party" under Fed. R. Civ. P. 19, the case must be dismissed in its entirety.[1] The motion is Allowed in part and Denied in part.

---

[1] Rule 19(a) requires a trial court to make pragmatic judgments and to "decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." Picciotto v. Continental Cas. Co., 512 F.3d 9, 14 (1st Cir. 2008), quoting Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989). The text of Rule 19(a)(2)(i) requires the court to determine "as a practical matter" whether the absent party's interests will be impaired or impeded by its absence. Fed. R. Civ. P. 19(a)(2)(i). Although New Name insists on a dismissal, it has the choice to participate in this litigation if it has concerns regarding any possible prejudicial effect resulting from the case being decided in its absence. There is no concern in this case regarding "multiple and repetitive litigation." Picciotto, 512 F.3d at 15-16, quoting Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982). Nor is there risk of inconsistent obligations resulting from New Name's absence. "Inconsistent obligations", as the term is used in Rule 19(a) for purposes of determining whether an absentee is a necessary party, is not the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same

The court agrees that New Name does not have the requisite contacts with Massachusetts to give this court personal jurisdiction over Hayuk's claims. See Pritzker v. Yarui, 42 F.3d 53, 62-63 (1st Cir. 1994). (Hayuk more or less concedes as much in her Opposition Memorandum). Despite defendants' argument, it is clear and well established that whether a joint tortfeasor or not, New Name is not an indispensable party, thus requiring dismissal of the action in its entirety.[2] See Pujol, 877 F.2d at 137 ("Yet, if one thing is clear in respect to Rule 19, it is that, unlike a person vicariously liable in tort . . . a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20. The drafters of Rule 19 stated that Rule 19(a) is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."). See also Pasco Intern. (London) Ltd. v. Stenograph Corp., 637 F.2d 496 (7th Cir. 1980) ("[E]ven though joint tortfeasors are the 'class of parties with claims most likely to lead to' further litigation, they are not indispensable parties; the possibility of a subsequent suit based on [the joint tortfeasor] relationship was not an eventuality that Rule 19 was designed to avoid.").

## ORDER

For the foregoing reasons, New Name is DISMISSED for lack of personal

---

incident. Inconsistent adjudications occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998).

[2]Although Pujol predates the new version of Rule 19 which took effect on December 1, 2007, "[t]he substance of the rule has not changed." Picciotto, 512 F.3d at 15 n.8.

jurisdiction.  Hayuk and Urban Outfitters, Inc., will submit to the court, within ten (10) days of the date of this Order, a joint proposed schedule for prompt completion of discovery and other pretrial matters.

                                                SO ORDERED.

                                                /s/ Richard G. Stearns
                                                _____
                                                UNITED STATES DISTRICT JUDGE