UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11281-RGS

MAYA HAYUK

v.

URBAN OUTFITTERS, INC., and
NEW NAME, INC.

MEMORANDUM AND ORDER ON HAYUK'S
MOTION FOR ATTORNEYS' FEES AND COSTS

September 16, 2010

STEARNS, D.J.

Plaintiff Maya Hayuk requests the fees and costs associated with her response to defendant New Name, Inc.'s request for the same relief, having purported itself to be the "prevailing party" in this matter.[1] After the court allowed New Name's motion to dismiss for lack of personal jurisdiction, New Name moved pursuant to 17 U.S.C. § 505 (prevailing party in a copyright infringement case) and 28 U.S.C. § 1919 (permitting "just costs" when a court dismisses claims for want of jurisdiction)[2] for fees and costs – asserting that its

---

[1] While it was once the rule that attorneys' fees were awarded to a prevailing party in a copyright action as "a matter of course," see Design v. K-Mart Apparel Corp., 13 F.3d 559, 567 (2d Cir. 1994), the Supreme Court has since made clear that "attorneys' fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

[2] This latter statute does not authorize an award of attorneys' fees. See e.g., United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038 (10th Cir. 2004) (party moving under 28 U.S.C. § 1919 for costs and 28 U.S.C. § 1447 for attorneys' fees); Citizens for a Better Env't v. Steel Co., 230 F.3d 923, 927 (7th Cir. 2000) (same). See also Idea Place Corp. v. Fried, 390 F. Supp. 2d 903 (N.D. Cal. 2005) ("Congress has specifically considered the costs that a party may recover when a complaint is dismissed for lack of subject matter jurisdiction and has expressly declined to include 'attorney's fees' in the category of recoverable costs.").

"fair estimate of apportionable attorney's fees is $60,000 to $75,000."[3] Def. Mot. at 1.

Hayuk claims that New Name's motion was filed "to vex and harass" her for "the reasonable steps [she] took to discharge her discovery obligations." The court agrees. The dismissal entered only after the court authorized a period of jurisdictional discovery. This came only after the court had separately found that Hayuk had made an adequate showing that "New Name created and manufactured the allegedly infringing shirts." October 20, 2009 Order. The dismissal of New Name from the case had nothing to do with the merits of Hayuk's claims, but rather stemmed from a lack of sufficient presence on New Name's part in Massachusetts.

A fee award in a copyright case is granted only to a prevailing party. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-605 (2001) (defining a "prevailing party" as one who has "prevailed on the merits of at least some claims"); Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164 (1st Cir. 2007) (finding fee-shifting under 17 U.S.C. § 505 unavailable after a copyright claim was dismissed on jurisdictional grounds); 4-14 M. Nimmer & D. Nimmer, Nimmer on Copyright § 14.10[B] ("[S]ince the Supreme Court's decision in [Buckhannon], it has been held that a prevailing party can only be one who 'secure[d] a judgment on the merits or a court-ordered consent decree.'" (quoting Chambers v. Time Warner, Inc., 279 F. Supp. 2d 362, 365 (S.D.N.Y. 2003)). In light of this phalanx of law arrayed against any fee request

---

[3]New Name also asks for fees pursuant to 28 U.S.C. § 1927. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 758 (1980). After reviewing the parties' briefing on both motions, and New Name's counsel's response to the court's indication that it was contemplating an award to Hayuk, the court requires no further argument from counsel. Consequently, no hearing will be scheduled.

on New Name's part, the only plausible explanation for the filing by New Name's counsel of sixty-three pages of memorandum, affidavits and exhibits in pursuit of a meritless fee is the intent to "vex or harass."

The court will allow Hayuk's motion for fees in part. See United States v. Kouri-Perez, 187 F.3d 1, 7 (1st Cir. 1999). See also 28 U.S.C. § 1927. I find Attorney Silverstein's time spent preparing Hayuk's opposition to New Name's motion (4.7 hours) and his hourly billing rate ($300) for that time to be reasonable. I will, however, disallow the $1,176 in additional fees sought for assistance with the motion by co-counsel as simply duplicative of Silverstein's effort on an uncomplicated matter.

## ORDER

For the foregoing reasons, the court awards Hayuk $1,410 in attorney's fees and $2.75 in costs. The award is assessed against New Name and its counsel.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE